3230610, In re marriage of Henry, I'm sorry, Heather Burns-Appley and August Liffrith-Appellant. Mr. Douglas, you may proceed. Thank you. May it please the court. Counsel, putting it very succinctly, our position is that the trial court abuses discretion and not granting a retroactive award of child support. With respect to how that can be, no one disagrees that per Section 510 of the Illinois Marriage and Dissolution of Marriage Act, a retroactive award may lie. We do agree that this court should review the trial court's decision by determining whether the trial court abused its discretion. Now, in determining what the trial court should have done per Section 510, I believe this court should look at Section 505, because after all, that retroactive award of support is an award of support. Child support being governed by 505, the underlying petition was brought pursuant to 505. So the court should look at those factors, principal among them, the financial resources and needs of the parents. I thought I heard something, that's why I paused. So with respect to that, certainly, I believe that it would be appropriate in this court determining whether the trial court erred or abused its discretion to look at Section 510. It's axiomatic that when you're reviewing a statute, you look at its plain meaning, you don't look at it in isolation. I believe it would constitute an absurd result for the court to find that in awarding child support, you would consider the dictates of Section 505, but would not consider them in connection with a retroactive award. Because in looking at Section 510 standing alone, it doesn't really say, here's the standards to look at in determining what to do with a retroactive award. What's our jurisdiction, Mr. Douglas? Well, with respect to jurisdiction, I do believe we do have a final order below. With respect to that issue, the nature of what the trial court did, I believe, makes it a final order. So where do we find the 304A finding? I'm not saying there's a 304A finding. I am suggesting that the order is in of itself final. I'm sure we're talking about the idea of- What does 304A require? Well, 304A, the court also could have asked for basically that order to be appealable even if other matters were pending. It could have been asked at that time when the judge said we are going to enter in a rear-edge order based upon what the SDU says. Other matters pending is what you're telling me? Well, you can ask for that if there are. So your view is there weren't? My view is that the order that was entered adjudicating the motion for child support was a final order, period. It is my position that there need not be any language that this findable and appealable without any need and enforceable per 304A because of exactly what the trial court did. Now, if the trial court had said, yes, yes, you get support, August. We are going to figure out what this rear-edge is and adjudicate it, that would be different. But I'm pointing to page 2285, volume 3, and the record that the court finds. The record does not allow the court to calculate the current amount of that arrear. So let me pause there. So that finding by the trial court is a direct expression that we are not going to adjudicate this further because the record doesn't allow me to do it. The court found that the party should submit appropriate paperwork to effectuate these directions. So by that language, by that finding, the court is simply directing the execution of the judgment. Not exactly, but similar to saying, what's the property? Do this, do that. What's the execution of this paperwork you're talking about? A withholding notice. What's that? A withholding notice. And I believe that that was referred to by my opposing counsel in arguing that a judgment is not final. But a withholding notice simply enforces the underlying judgment. It isn't a modification of it. And again, the trial court- Does that withholding notice ever come before the court? My recollection as I try to supplement the record to see what has happened, but my understanding from trial counsel is that the trial court did not enter the order dealing with, or the withholding notice I should say, dealing with plugging in what August owes per the SDU because the trial court thinks it can't because of the pending appeal. And to that I would say the trial court still retains some jurisdiction. Generally speaking, as you know, when a notice of appeal is filed, the court retains jurisdiction to enforce, but not modify orders. So that the trial court is doing what it's doing, and I can't say, yes, that withholding notice entered is what it is, but I don't think that as a concession or expression that the underlying order is not final. What would, to be honest, to make it not final is if the trial court found, yes, the record does allow me to calculate the yes, I am not, we're going to litigate that, but on your evidence, you put on your evidence in that case, then there would be a big problem with finality. But for the trial judge to say, whatever the SDU says, that's the number, the record doesn't permit me to litigate this, plug it in and enter withholding notice and leave. That, and I'm speaking very plainly and expressing what's happening. We appreciate it. Plain language is very appreciated. If I may, I mean, is it appropriate for the trial court to punt to the SDU when these folks are stuck with it? I mean, don't they get to look at the number and decide whether or not they wish to dispute it? So, okay. That's actually a very, I thought about that, but that is actually a very good question. To me, in theory, that is something that August could have appealed and that I did not argue that. So, I did. How do you appeal something you don't know if you like it? Well, yeah, I know. Well, there's that issue too. But there was no cross appeal either. So, as to that, I didn't raise that. It doesn't matter. You brought the appeal. No, no, right. But I didn't raise an argument that that was wrong. So, to me, both of us, August and Heather could have a complaint of that being error, but neither did. So, I don't think that that is before this court. But that doesn't go to, we have to examine our own jurisdiction. No, no, no, no, no. I mean, on some of the matters, like any case, some of the matters raised by my opponents, some I strongly disagree. I do agree this warrants a discussion. Obviously, you always have to look at to whether or not you have jurisdictions. I don't agree. I do agree it's a legitimate subject opposing counsel reason. And I knew it would come up. But to me, the particular nature of what the trial court did is what renders it final into justice, excuse my pronunciation. No offense taken. I have a simple last name to pronounce. Was that a good idea? Not a good idea. I'm not. I've been practicing 30 something years. I mean, I'm not going to claim that was the best way to handle that. And I haven't even thought what the precise objection to that would be to process. But in effect, that the court did it that way. I said, and I know there's a difference. There is little difference between saying whatever the SDU says, that's the number, and expressing a number, right, wrong, right, like it or don't like it. And then whatever that is, either party can complain about it. But in this case, because the trial court said two things. One, the record doesn't allow me to calculate. What does that mean? I'm not going to do it. I'm not going to litigate this. I consider this final. I'm not adjudicating this. There's enough evidence to do this. And second, that the court says there's a fixed number out there. That's it. If you don't like it, one of you challenge me. And neither did that particular point. Obviously, to challenge everybody. Did you appeal before the number was fixed? Or the number was fixed before? Well, the number is fixed to the extent that the SDU has a number out there. And what that was, wasn't obviously discussed. The trial judge simply said, whatever that number is, that's it. Mr. Douglas, I think judge is asking whether or not you received the number from the SDU before you appealed on November 1st, 2023. Me personally, no. And I'm a public counsel only. So, me personally, no. No. So, I mean, I'm at where I'm at. And I know the next thing I'm about to say is there is a record. But I am told the trial judge isn't following through on entering that fixed number from the SDU because this appeal is pending. I don't agree with that because of the general principle that underlying orders are enforceable but not modifiable when there's a notice of appeal pending. Again, the trial court does something a little different than, yeah, there will be a problem. But there's nothing left to adjudicate. And the trial court said, I can't and won't figure out what that number is. So, to me, there's very, again, I gave the example of go sell a house. It's a direction to go do that. So, to me, there's a little difference between that and saying, go plug in that number, whatever it is. It's not really what I would ask for. I'm not claiming it's the best way. You kind of said, though, is you guys will never agree on a number. So, you're stuck with this one. I'm not going to adjudicate it. Well, if we are going to consider how contentious the case is, and I say that as my one time appellate counsel and not the trial lawyer, it was a dear friend. Yeah, I mean, it's highly, highly, highly, highly contentious. And I don't want to get, I know you want to get to the merits of the other issue. I can answer your questions. I mean, whatever. I think we've kind of talked this one out. If you'd like to move on, that's up to you as if that's okay with Justice Hedl. Is it? Justice Holdridge. Oh, Justice Holdridge, I apologize. If you, you know, but, you know, it may be futile, but go ahead. Okay. All right. Yeah, no, I don't have a lot more to say. I mean, my main issue that is pitting it on the finality issue, on the things I pointed to, the court saying, I can't in the record, based upon what's in the record, make that determination, go find that fixed number. I'm not doing this. Again, it's putting it very colloquially. So to me, that is what makes it, that judgment, a final judgment, rendering a 3-4-A finding not necessary in any way. But regarding the, what the court, this, I'm asking this court to look at determining whether or not the underlying order should be found to be an abuse of discretion is to look at 505. Significantly, the financial resources and needs of the parents. Looking at the incomes, the incomes are very stark. The opposing party is an attorney, her income was about $176 a year. Not even working full-time, I don't believe. The dad's income had to be imputed up to $29 or so, which is just at minimum wage. He originally was a stay-at-home dad. He's making the income that he makes. And looking at the incomes of the two parties, it's very, very stark. Looking at the resources and needs of the parents, when dad testified that he's paying for the clothes and so forth without any help, when his bank account was recently overdrawn three times, it is of record that his financial circumstances are very stark. Conversely, looking at Heather's situation, she has paid off real estate, $10,000 in the bank, $18,000 in stock, a 401k, $91,000, another one of 128,000 IRAs, approaching $80,000, et cetera, et cetera. August had something like $56 in the bank and $179 in a 401k. Now, plugging that in to the legal standard of considering the financial resources and needs of the parents for 505, obviously, that is about as stark as it can get. Looking at that factor, that, to put it mildly, supports very little result other than granting the person making less than minimum wage retroactive support to provide for the children. I did reference the suite case and the FEDUN versus KUCZK cases. Those are cases that looked at retroactivity. They basically, again, just to put it plainly, seem to focus on, look, if you're going to ask for retroactive support and you dragged it out, you can't ask for this giant award. You're the reason for the delay. They seem to look at delay. Here, you don't have that. From the presentment of the motion of the hearing, it was less than five months. The judge ruled about six weeks later. There certainly wasn't anything along the lines of any kind of delay that should give this court pause to not award retroactive support or, to put it a different way, this court is looking at whether the trial abuses discretion, certainly looking at those financial circumstances. There's little to say other than the trial court should have. I think, rough math, I noted in my brief the asset ratio is something like $1,401. Mr. Douglas, your time is up. The red light is on. You'll have time in reply. Okay. Very good. Thank you. Thank you. Mr. Hammond, you may respond. Good morning, Justice Holdridge, and may it please the court and counsel. Beginning where this court began its questioning with Mr. Douglas is this court's own jurisdiction to hear the matter. As we set forth in our opening brief, Justice Holdridge, as you rightly pointed out, is your own determination whether the court has subject matter jurisdiction. It's not something we could confer by agreement. It's not necessarily an argument that I made. It is simply pointing out the state of the record to this court. Justice Holdridge, as you pointed out, there are myriad things that are still remaining. Now, Mr. Douglas had indicated that the record did not allow the trial court to fully adjudicate their petition. Mr. Douglas represented the move on to have both the burden of production and persuasion. To the extent that he failed to produce or present information to allow the court to tie out all the quote-unquote loose ends and create a truly final judgment, that failure is Mr. Liffert's alone. Isn't the only loose end, counsel, the arrearage? The arrearage, the calculation of withholding, and the effectuation of a support order moving forward. It's all perfunctory work that's done after that number is determined, correct? It may or may not be. As Justice Bertani pointed out, it is not necessarily that the trial court can just kick the determination of support to the SDU. The function of child support is a judicial function. It must ultimately be determined by a judge, and the ultimate conclusion must be reached by a judge, even in the case of agreement of the parties. A judge must still confirm that it is not contrary to the best interest of the minor children, even if the parties were to agree. That's child support. We're talking about an arrearage. We're talking about an order that was paid before, excuse me, an order that set an amount, how much did he pay? It's a math problem, right? Yes, it is both a calculation of what was withheld and any other payments that were received. The record reflects that a tax return was intercepted at one point, and ultimately, the trial court directed the parties to submit the appropriate pay board. I know that Mr. Douglas had indicated that he was told that the trial court refused to enter the appropriate pay board, but I would invite the justices to look at the record as well as the underlying proceedings. No support order was ever proffered to the court. The final step was never taken. Ultimately, the step to determine finality was never taken by the appellate, and so for him to complain that it is not now done is something that I think is what is preventing this court from reaching its ultimate jurisdictional level. The recent persuasive case of marriage of Wheelock, which was a second district case from your colleagues that was a Rule 23, but went back to the underlying case of Petraeus that dealt with a quadro. You could argue that the determination of a quadro is simply setting forth a number or setting forth an effectuation, but the court at paragraph 10 indicated it's not just what you do, it's how you do it. You're telling the parties how to effectuate, merely than just to effectuate. So I think for those same reasons, because you have a myriad of considerations here, the record also reflects that Ms. Burns is an hourly employee, so her income does fluctuate. All of these things to figure out how you're going to effectuate the order, how you're going to move forward with the order once it is finalized still remains out there. So for those reasons, we do believe that this court lacks jurisdiction because there is not a final order. While Mr. Lifford also had a 510 pending at the time of the judgment, he had another 510 pending, that was ultimately dismissed. Although that's not in the record, I do acknowledge that he ultimately voluntarily dismissed that before filing the FTO. So the question becomes simply whether the order that requires directorate actions to the parties, that still has an unset number, that is not nearly just this is the number, it is after you come up with the number, parties figure out what that means for the paperwork and give me the appropriate paperwork, which has just still never been done. There's nothing in the record to suggest that was because of the trial court or because of any other decision other than Mr. Lifford determining not to move forward with that. Turning to the merits, unless the court has any further questions on the jurisdictional issue, what we did not hear in the appellant's argument is also what we did not see in the appellant's brief, which is here is the law the judge violated, here is the fact that the judge got wrong, or anything other than I'm a reasonable person and I disagree with the judge, so I'd like a different outcome. That is not the standard of review before this court. Whether this court would have done it the same, differently, or otherwise, the question is could any reasonable person have done what the circuit court did here? And I respectfully disagree with Mr. Douglas in that he said that the court did not consider financial resources of the parties. To the contrary, and going to the Dreisch case, I believe that where the court in Dreisch talked about financial resources, meaning more than just income, more than just the assets in their name, the consideration of their overall household income, that case was in the context of 513, but the court also indicated that is relevant in the context of 505. The judgment indicates myriad findings considering in great detail the party's income, in minute detail, figuring out to the hour calculations based on what they were earning, what was presented. It also contains pages of detail regarding Mr. Liffert's other financial resources, in this case his spouse. At page C2283 in volume 3, there is an entire paragraph of all of the things that Mr. Liffert's spouse voluntarily contributed on his behalf without any expectation of repayment. As we set forth in our brief, there's a variety of ways that the court could have handled that. The court could have dealt with the recurring gift as an imputation of income. The court could have utilized the difference in his financial affidavit versus what he preferred to spend versus what the actual evidence showed he spent and take the difference and calculate that. There were numerous things that could have resulted in a different number. Ultimately, this court is reviewing the trial court's overall ruling, and the trial court's ruling sets forth an equitable calculation that is considering all of the equitable factors, including the admitted need to impute income to Mr. Liffert. When considering that over the life of the application, while Mr. Liffert does not take issue with any of the court's factual findings, any of the court's application of law, other than he would have reached a different outcome, there's nothing that he can point to that the judge objectively did wrong other than exercise his discretion in a way that he disagrees with. That is not an abuse of discretion. Reasonable minds can differ. That in and of itself, even if you were inclined to agree with Mr. Douglas, does not amount to an abuse of discretion. Based on diligent review, I have not been able to uncover a case in which the appellate court found that the circuit court abused its discretion in the application or denial of retroactivity, other than to go beyond the statute. Everybody here plainly agrees that the court had discretion to determine whether retroactivity was appropriate in this case. The court heard evidence, the court presented with documentary and testamentary evidence, had the opportunity to review the party's demeanors, consider the veracity of what each one of them said about their respective financial conditions, and weigh all of the considerations in reaching an overall figure that included setting of a start date. While the only portion of the support retroactivity, the only portion of the award that Mr. Lifford disagrees with is the retroactive portion, there is ample evidence in the record to suggest that Mr. Lifford did not in fact come out of pocket, most tellingly that his own financial affidavit and his testimony indicated that he did not actually incur these expenses, but he admitted that all of these were for him gratuitously, with no expectation of repayment. That in and of itself could be enough. However, as we set forth in our brief, considering that his income could have been treated as higher, therefore increasing his portion of the income shares, and rather than doing that, the court did not utilize the wife's contribution in any way, shape, or form, but other than to consider it for the time that it actually and undisputedly incurred, that is the perfect exercise of discretion in that Mr. Lifford has no further expectation or requirement that his wife continue to do what she did, that they continue to manage their household finances in the way that they had, but that was their choice, that was their voluntary choice. Mr. Lifford indicates that he has no home, he and his wife purchased a home during the marriage, they just titled it in her name. He claims he has no cars, they got two cars in record, including a new car recently that they just titled in her name. That he chose not to title the property in his name does not diminish his financial resources. That they chose not to put both of them on the bank accounts does not diminish the fact that his financial resources admittedly included using the resources in his wife's name. His unfettered access without any record evidence there was any restriction thereon or any impediment thereto is one reason of many, as we indicated, that the court could have a reasonable person could have found that additional retroactive payments were not appropriate in this particular instance. There were also ongoing back and forths as indicated by Mr. Lifford's continued filings. There were disputes amongst the parties as set forth in his subsequent 510. There were numerous back and forths and the court considered all of them. The court considered exactly what he made, considered exactly his history of income, considered exactly what his spouse made, considered exactly the things that he said she paid for, considered exactly the things that Ms. Burns testified to, considered exactly her resources, her financial affidavit. Ultimately, the court came up with a number that was in between what the two parties suggested. It was more than Ms. Burns had suggested to pay and less than Mr. Lifford had wanted. Now that the court fashioned its equitable nature by the determination of a retroactive amount which would have resulted in a significant lump sum for which Mr. Lifford did not actually expend any of his own resources is an equitable determination that the court could make and that is plainly what 510 says. One thing that I do agree with Mr. Douglas about is he talked about the timing aspect and if the justices will look, Ms. Burns retained counsel, did not seek to continue the trial and I agree with Mr. Douglas. The trial was had in a relatively timely fashion. I believe it was less than six months between the filing and when it was ultimately heard by evidentiary hearing. However, that lack of delay does not mean that it was an abuse of discretion not to make the work retroactive. If anything, the truncated timetable would suggest that the importance of retroactivity is lessened not heightened. Moving forward, there is a number that is a number that is more than double what Mr. Lifford indicates are the child's needs. As we set forth in our brief, another way that the court could have determined support equitably is to use the child's needs because Mr. Lifford's income was difficult to determine undisputedly. He said it needed to be imputed. It had always been imputed. That is something that had always been an issue about Mr. Lifford's failure to accumulate assets or earn income commensurate with his ability. That had been something that had been an issue since the underlying divorce trial and then something that had repeatedly appeared before the court. And while the court did not hold his arrearage against him and indicates in the footnote to the judgment that that was not something that was held for or against either party, when you consider the overall application of 505 and the reasons that Mr. Lifford does purport to lack assets because he chose to put them in his wife's name and because he has chosen for years and years and years not to work commensurate with his ability as the record is replete with findings. All of these reasons are further reasons why a reasonable person could have determined that a five-month kicker for using the common parlance is not appropriate in this case in light of these facts. Perhaps Mr. Douglas disagrees with the ultimate determination but he does not suggest that there is an area of law that was not applied. And contrary to his suggestion, the court did expressly state that it was considering section 505 as incorporated by 510 and that set forth on page 2 of the judgment, C-2278. So the court used the right legal framework, the court considered all of the facts as they were presented, and the court heard evidence and applied the existing law in its discretion as nobody disputes it had the discretion to do. Ultimately the Apollo Act does not like the outcome but I wish it went the other way is not an abuse of discretion. Unless the justices have any questions I will yield the remainder of my time. Any questions from the bench? Mr. Hammond you were on such a nice roll there. Are you still suggesting that we shouldn't accept this case on jurisdiction? Well I certainly think that if the court were inclined to accept it as swift deferments would be appropriate. It does not change the fact that I have the question on whether or not this is a final order. Ultimately that is a determination for your justices and not for me but I do want to present it to the court because in light of Petraeus and Wheelock I do have a legitimate question as to whether there was even a final order in the first place. Thank you Mr. Hammond. Thank you. Mr. Douglas you may reply. Thank you. Just to touch upon some of the matters the council covered. Council when I reference of the record does not permit the trial court to adjudicate the arrearage and council's response to me was or my client it's my burden to make the record and so forth. I wasn't saying the record doesn't permit me to do anything. I was referring to the statement of the trial court itself. The trial court saying the record doesn't permit me the trial judge and that's at page 2282 volume 3. Open quote the record does not allow the court to calculate the current amount of that rearage close quote. So it is an issue of me not making the record. I'm referring to the record and the statement of the trial judge there so just wanted to make that clarification. With respect to Wheelock I was one of the attorneys on Wheelock so I'm familiar with it. In Wheelock the issue as to whether or not you had a final order below. There in Wheelock the court permitted a recalculation of the benefits per a quildro. There were prior orders and upon the motion of the payee Grace said yes we'll have an amended quildro and there will be a recalculation. Now to justify what I just said that's obviously distinguishable from what we have here. Why? Here again whether you know to Justice Heddle's point whether it was a good or bad idea there's a difference between go plug in go get your word processor and plug in that fixed number from the SDU and you know figure out what we should put into a quildro which is daunting to even most divorce practitioners. Frankly there's a handful of people out there that do that kind of work. I'm not among them thankfully but there's a difference between go that would be more like a direction to amend the support order. That would make this analogous to Wheelock or perhaps even as I discussed earlier go calculate what the error is. Wheelock said we're going to enter somewhere in the future and move the numbers around. Here there was no such finding no such judgment. So looking at that line of cases in Wheelock those are amply distinguishable from the current situation. Regarding my purportedly arguing the court didn't consider the financials below I'm not saying they didn't receive the information they did. I'm arguing that due to the existence of that and it's a record and that's how we both said it in the part-time as against an attorney given the asset ratio of 1,400 to one given that data which was considered the trial court abused its discretion. There was a reference to the Dreisch case and it is a 513 case and that is relevant because they're in determining whether or not you're going to look at anything having to do with a spouse that references the language of 513 and the word resources or section 505 references income. There's a reason that 505 and 513 are interpreted differently and you can look at different things pursuant to those different statutes because of the language in each statute and the language resources versus income is distinguishable and that makes Dreisch not directly applicable to 505 and the law has long since been if you remarry your new husband your new wife he or she doesn't have to pay child support for your kids and there's a good reason for that and that that is the law in this state. Regarding it was touched upon a little bit what wife's income being a gift she pays the expenses and so forth. The trial court looked at that the trial court looked at all of that and the trial made its decision and didn't move the numbers around based upon any of that. The opposing party could have but did not appeal the trial court's determination not to move the number down based upon that income of August's wife and as I noted in my brief on page eight if the appellee fails to file the cross appeal the reviewing court is confined to only those issues raised by the court it's being held out as well look there's evidence in the record affirm and of course you can affirm based upon evidence in the record whether or not it would the trial judge articulated that as a basis I get that and I know that but what would truthfully that argument is about the wife's income when there was no cross appeal is raising of an issue that they should have but did not raise it across appeal so I just do not agree that that is something to be considered uh to the extent that council uh is a look I'm done I'm done all right okay thank you very much my camera is one way and the red light is another so I apologize for that further questions for Mr. Douglas from the court no thank you okay well thank you counsel both for your arguments in this matter this morning it will be taken under advisement and a written disposition shall issue